```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                    :
                                                                    :
LG CAPITAL FUNDING, LLC,                                            :
                                                                    :
                                                                    :       17-cv-4006 (LJL)
                                Plaintiff,                          :
                                                                    :       OPINION AND ORDER
            -v-                                                     :
                                                                    :
EXELED HOLDINGS INC.,                                               :
                                                                    :
                                                                    :
                                Defendant.                          :
                                                                    :
                                                                    :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/14/2023

LEWIS J. LIMAN, United States District Judge:

Plaintiff and counterclaim defendant LG Capital Funding, LLC ("LG") and counterclaim defendants Joseph Lerman ("Lerman"), Boruch Greenberg ("Greenberg"), and Daniel Gellman ("Gellman," and collectively "Movants") move, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), to quash a subpoena (the "Subpoena") requested by Defendant and Counterclaim-Plaintiff ExeLED Holdings, Inc. f/k/a Energie Holdings, Inc. ("ExeLED"), and intended to be served on non-party, the United States Securities and Exchange Commission ("SEC"). Dkt. No. 164. Familiarity with the prior proceedings in this matter is assumed. The motion to quash is denied.

The Subpoena, which has not yet been served, seeks the following categories of documents in the SEC's possession: (1) documents relating to any Issuer Loans, including but not limited to copies of convertible promissory notes and conversion notices; (2) documents relating to LG's brokerage account statements as it relates to transactions in ExeLED securities; (3) documents relating to LG's brokerage account statements as it relates to transactions in Issuer

securities; and (4) any documents relating to the Conversion Right, including but not limited to internal projections, analyses, and/or valuations. Dkt. No. 164-1 at ECF p. 13. The term "Issuer Loans" is defined to refer to "any financing arrangement whereby LG is the lender, an Issuer is the borrower, and LG reserved itself a Conversion Right to satisfy, either in whole or in part, the debt owed to LG under such financing arrangement." *Id.* at 10. "Issuer" is defined to refer "to any entity that develops and sells securities to finance their operations and who entered into an Issuer Loan with Plaintiff that provided Plaintiff with a Conversion Right, including but not limited to" twelve specifically identified companies. *Id.* The "Conversion Right" is defined to mean the "right granted to LG pursuant to an Issuer Loan to convert debt owed under such transaction into discounted, newly-issued shares of an Issuer's common stock." *Id.* at p. 9.

Movants argue that the requested documents contain "confidential and commercially sensitive information" which "implicates the privacy interests of LG and others [and] which outweigh the probative value of the information sought." Dkt. No. 164 at 1. Movants also argue that the Subpoena is "overly broad and seeks documents and information that is not relevant to this action." *Id.*

"The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Pegoraro v. Marrero*, 2012 WL 1948887, at *4 (S.D.N.Y. May 29, 2012) (quoting *Jones v. Hirschfeld*, 219 F.R.D. 71, 74–75 (S.D.N.Y. 2003)). Federal Rule of Civil Procedure 45(d)(3)(A) provides that the court must quash a subpoena when it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Although "any motion to quash or modify generally must be brought by the nonparty," a party has standing to

move to quash or modify if the party claims "a personal right or privilege regarding the production nor testimony sought" by the subpoena. 9 Moore's Federal Practice 45.50[3] (2020); *see also Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. April 24, 2018) (listing examples of personal rights). "In order for a party to have standing to challenge a subpoena served on a non-party, there must be more than 'a conclusory assertion that the subpoenas seek documents that are private, confidential, and commercially sensitive.'" *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) (quoting *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013)). "Courts should consider 'whether the information itself is private, confidential, privileged, or highly sensitive, and not the form the records take.'" *Id.* (quoting *Solow v. Conseco, Inc.*, 2008 WL 190340, at *4 (S.D.N.Y. Jan. 18, 2008)). For example, it has been held that corporations have a privacy interest in their bank records and financial records. *See Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 2023 WL 163256, at *1 (S.D.N.Y. Jan. 12, 2023).

Movants have established at best a tenuous privacy interest in the records reflected. One set of the records requested is limited to agreements with third parties. Those agreements, by definition, have been shared with others. Although that fact does not per se deprive Movants of a privacy interest in the records, Movants have not articulated any particular basis for deeming the agreements to be confidential. The records with respect to securities transactions, by contrast, do implicate privacy interests. *See MG Freesites Ltd. v. Scorpcast, LLC*, 2023 WL 2822272, at *2-3 (S.D.N.Y. Apr. 7, 2023) (corporation has a privacy interest in its banking records and financial information).

Even if Movants have standing, however, ExeLED has demonstrated relevance. *Id.* at \*3 (burden of demonstrating relevant is on the party seeking discovery). Relevance is construed broadly. *See SEC v. Rayat*, 2022 WL 1423300, at \*2 (S.D.N.Y. May 5, 2022). The federal rules favor "full and complete discovery." *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003).

Movants argue broadly that ExeLED should be limited to documents pertaining to transactions between LG and itself and that documents regarding transactions with other parties "may not have any bearing on anything at issue in this case, let alone have probative value such that would override Movants' privacy interests." Dkt. No. 164 at 2. However, the New York Court of Appeals has held that in determining whether a particular loan is usurious, it is relevant to consider the performance of other similarly structured loans. *See Adar Bays, LLC v. GeneSYS ID, Inc.*, 179 N.E.3d 612 (N.Y. 2021). It has explained, for example, that "a track record of grossly excessive returns" in connection with similarly structured loans could provide evidence that a loan was usurious. *Id.* at 341 n.10.

The Subpoena here is limited to requests that pertain either to the particular transaction between LG and ExeLED or to similarly structured loans. In particular, the definition of Issuer Loan is limited to loans with a Conversion Right made by LG. It thus maps onto the transaction challenged as usurious by ExeLED in this case. Movants have not identified any countervailing factors demonstrating "why discovery should not be had." *A.I.A. Holdings S.A. v. Lehman Bros.*, 2000 WL 763848, at \*3 (S.D.N.Y. June 12, 2000). The requested documents may not support ExeLED's claim, but that is not the test for discovery. The documents need only be relevant. Fed. R. Civ. P. 26(b)(1).

Accordingly, the motion to quash is denied. The Clerk of Court is respectfully directed to close Dkt. No. 164.

SO ORDERED.

Dated: June 14, 2023
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge